**IN THE COURT OF APPEALS OF TENNESSEE**
**WESTERN SECTION AT JACKSON**

| | | |
|---|---|---|
| **ANNE ADAMS HURDLE, By and** | ) | From the Circuit Court |
| **through her Attorneys-In-Fact,** | ) | for Shelby County, Tennessee |
| **WALKER HARDY HURDLE, III and** | ) | |
| **WILLIAM F. HURDLE, and WALKER** | ) | The Honorable Robert A. Lanier, Judge |
| **HARDY HURDLE, III and WILLIAM F.** | ) | |
| **HURDLE, Individually,** | ) | Shelby County Circuit No. 30171 |
| | ) | Appeal No. 02A01-9502-CV-00023 |
| **Plaintiffs/Appellees** | ) | |
| | ) | **AFFIRMED AND REMANDED** |
| | ) | |
| **v.** | ) | |
| | ) | William W. Dunlap, Jr. |
| **WALKER HARDY HURDLE, JR.** | ) | G. Rice Byars, Jr. |
| **and Wife, MARY ANN HURDLE** | ) | Memphis, Tennessee |
| | ) | Attorneys for Plaintiffs/Appellees |
| **Defendants/Appellants** | ) | |
| | ) | Hal Gerber |
| | ) | Lewie R. Polk, III |
| | ) | Memphis, Tennessee |
| | ) | Attorneys for Defendants/Appellants |

FILED

June 4, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

---

_____RULE 10 ORDER AND OPINION

---

This matter appears appropriate for consideration pursuant to Rule 10(a) of the Rules of

the Court of Appeals of Tennessee.[1]

In this case, appellant, Walker Hardy Hurdle, Jr,. and Appellee, Anne Adams Hurdle,

were divorced in 1973. They entered into a property settlement agreement which was

incorporated into the divorce decree. The property settlement agreement required Mr. Hurdle,

*inter alia*, to make a will leaving half his estate upon his death to the parties' two sons and to

convey certain properties to an alimony trust. Mr. Hurdle subsequently remarried and children

were borne of the second marriage. Appellees filed this lawsuit alleging that Mr. Hurdle was

making huge gifts of assets to his second wife and their children, dissipating the estate that would

be left to the sons of Mr. Hurdle and Appellee under Mr. Hurdle's will. Mr. Hurdle denied this

allegation, arguing that the divorce decree required only that he have a will leaving half his estate

---

[1]Rule 10 (Rules of the Court of Appeals of Tennessee). <u>Affirmance Without Opinion</u>. --
(a) The Court, with the concurrence of all judges participating in the case, may affirm the action
of the trial court by order without rendering a formal opinion when an opinion would have no
precedential value and one or more of the following circumstances exist and are dispositive of
the appeal:
    (1) the Court concurs in the facts as found or as found by necessary implication by the
trial court.
    (2) there is material evidence to support the verdict of the jury.
    (3) no reversible error of law appears.

to the parties' sons and that he had complied with this requirement. Mr. Hurdle also argued that, despite gifts to his second wife and their children, his estate, including the alimony trust, is now larger than it was at the time of the divorce decree, so there was no dissipation of his estate.

The trial court issued a temporary injunction against Mr. Hurdle, restraining him from making further conveyances or transfers of assets for less than substantially equivalent value. The trial court also denied both parties' motions for summary judgment. The trial court granted Mr. Hurdle's Application for Interlocutory Appeal pursuant to Tenn.R.App. P. 9. Permission for interlocutory appeal under Rule 9 was subsequently granted by this Court.

On appeal, Mr. Hurdle raises no issue concerning the temporary injunction. He argues that the trial court erred in denying his Motion for Summary Judgment. Our review of the trial court's denial of Mr. Hurdle's Motion for Summary Judgment is *de novo* on the record before this Court, with no presumption of correctness. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). From our review of this case law, including *Ashley v. Volz*, 218 Tenn. 420, 404 S.W.2d 239 (Tenn. 1966) and *Owens v. Church*, 675 S.W.2d 178 (Tenn. App. 1984), and our review of the record in this cause, it appears that there are material disputed facts that require the consideration of evidence and testimony. Therefore, the denial of Mr. Hurdle's Motion for Summary Judgment is affirmed.

Accordingly, the order of the trial court is hereby affirmed in accordance with Court of Appeals Rule 10(a), and the matter is remanded to the trial court for further proceedings. Costs in this cause are taxed to Appellants, for which execution may issue if necessary.

 

 

 
                                              _____

                                              **HOLLY KIRBY LILLARD, J.**

**CONCUR:**

_____
**W. FRANK CRAWFORD, P.J., W.S.**

_____
**DAVID R. FARMER, J.**